UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:22CV-P581-CRS

**DEONTE DOBSON**                                                                                            **PLAINTIFF**

**v.**

**OFFICER COREY SANDERFER** *et al.*                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Deonte Dobson filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed for further development.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), sues LMDC Officers Corey Sanderfer and Keyontae Parris and LMDC Sergeant Juan Ochoa in their individual and official capacities.

Plaintiff states that on June 22, 2021, at 1:15 pm Defendants Sanderfer and Parris violated his rights "by assaulting Inmate Deonte Dobson using excessive force by punching Plaintiff . . . in his facial area." He states that he "followed every grievance and open records procedure and the (L.M.D.C.) facility failed to correct this situation with both Defendants of this complaint claim." He reports that he filed a grievance in which he stated as follows:

> I received incident reports regarding incident that took place on 6/22/21 were I was assaulted by Officer Sanderfer and Parris and by institutional policy and procedure the EOR should be completed. There was no DVR attached to report by Sgt. Ochoa This is an attempt to conceal true events that took place.

He asserts that he received a "Resolution Response" stating that "an inmate cannot request a PSU investigation and any video and/or reports must be obtained through Open Records." He states that his "[]Action Requested[]" was "a full investigation by PSU and to have DVR copied and recorded and attached to report."

Plaintiff asserts that Defendant Ochoa "attempted to conceal true events that took place violated Plaintiff due process." He states that he filed multiple grievances which he attaches to the complaint. He also attaches an "Inmate Disciplinary Appeal" form, which shows that a disciplinary action against him was upheld, and attaches action request forms and incident reports to the complaint. Plaintiff alleges violations of the Eighth and Fourteenth Amendments.

As relief, Plaintiff seeks compensatory and punitive damages and unspecified injunctive relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers,*

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. *Official-capacity claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against their employer, Louisville Metro Government. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality under § 1983. *Searcy v. City of*

*Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any of Defendants' actions were taken pursuant to a policy or custom of Louisville Metro Government. Accordingly, Plaintiff's official-capacity claims against all Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Individual-capacity claims*

Plaintiff alleges violations of the Eighth and Fourteenth Amendments. The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides similar protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). Because Plaintiff is a pretrial detainee, his allegations fall under the Fourteenth Amendment. Therefore, the Court will dismiss the Eighth Amendment claims for failure to state a claim upon which relief may be granted.

Upon review, the Court will allow Plaintiff's Fourteenth Amendment claims for excessive force to proceed against Defendants Sanderfer and Parris in their individual capacities and for violation of due process to proceed against Defendant Ochoa in his individual capacity. In allowing the claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Plaintiff's official-capacity claims against all Defendants and his claims under the Eighth Amendment are **DISMISSED** pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date:   March 21, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      Jefferson County Attorney
4411.010

5